```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SIMONE WAYNE, obo Blueline
Corporation,

      Plaintiff,

v.                                    Case No: 2:14-cv-587-FtM-29DNF

WIEBEL, HENNELLS & CARUFE,
PLLC and DOUGLAS WIEBEL,
individually,

      Defendants.

_____

## ORDER

    This matter comes before the Court on review of plaintiff's Amended Complaint (Doc. #3) filed on October 14, 2014.  The Amended Complaint incorporates by reference all of the allegations from each count into each subsequent count.  (Doc. #3, ¶¶ 19, 25, 30, 36, 46.)

    "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."  Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an

intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial. Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Amended Complaint (Doc. #3) is dismissed without prejudice to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   15th   day of October, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies:

Counsel of record

2